## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| YADIRA REVILLA, Individually and on Behalf of All Those Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>ATLANTA IMPORTS, INC. d/b/a SUVIDHA INDO-PAK GROCERIES and MANNY SALUJA, Jointly and Severally<br><br>       Defendants. | Case No. _____ |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, individually and on behalf of all others similarly situated, on personal knowledge and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.     Defendants own and operate a chain of grocery stores in the metro Atlanta area called Suvidha Indo-Pak Groceries (also called Suvidha International Market). The grocery stores specialize in Indian Cuisine.

1

2.     Defendants' grocery stores provide packaged goods to customers for sale, as well as prepared food items which are cooked in the store's kitchen.

3.     Plaintiff worked in Defendants' Marietta store as a cook in the kitchen.

4.     From the start of Plaintiff's employment in 2014 to December 31, 2018, Plaintiff received no overtime wages whatsoever despite working excess of 40 hours each week.

5.     Plaintiff brings this action on behalf of herself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendants' store located at 2821 Chastain Meadows Parkway, NW, Suite 120, Marietta, GA

30066, in Cobb County, Georgia, which is in the Northern District of Georgia. Additionally, Defendant Atlanta Imports, Inc. is registered with the Georgia Secretary of State as a Domestic Profit Corporation, and it lists its principal office address as: 3495 Peachtree Parkway, Suite 105, Suwanee, Georgia 30024, in Gwinnett County, which is in the Northern District of Georgia. Therefore, venue is proper in the Atlanta division of the Northern District of Georgia.

8.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## TOLLING AGREEMENT

9.    Plaintiff and Defendants entered into a tolling agreement prior to the filing of this complaint. The tolling agreement tolled the statute of limitations from June 28, 2020 to September 14, 2020.

## THE PARTIES

**Plaintiff:**

10.    Yadira Revilla, was at all relevant times, an adult individual residing at 3495 Peachtree Parkway, Suwanee, Georgia, 30024, which is in Gwinnett County.

**Defendants:**

3

11.     Atlanta Imports, Inc. is an active Georgia limited liability company. Its principal place of business is: 3495 Peachtree Parkway, Suite 105, Suwanee, Georgia 30024, which is in Gwinnett County.

12.     Manny Saluja, upon information and belief is an owner, officer, director and/or managing agent of Atlanta Imports, Inc. Mr. Saluja's address is unknown at this time.

13.     Mr. Saluja participated in the day-to-day operations of Atlanta Imports, Inc., and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Atlanta Imports, Inc.

14.     Upon information and belief, Manny Saluja jointly set the unlawful payroll policies complained of in this complaint for Atlanta Imports, Inc.

15.      At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

16.      Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

17.     Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they operate a grocery stores specializing in Indian food, and the grocery stores import most of their food from international sources, such as India. Additionally, Suvidha Indo-Pak Groceries has 5 locations total: 3 in Georgia, and 2 in North Carolina. Defendants have engaged in interstate commerce with the North Carolina stores by jointly engaging in advertising, sharing of logos, and using the same website, http://www.suvidhaonline.com/, which is used to mutually promote sales for all 5 locations. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

18.     At all relevant times, Defendants have been in the grocery store industry, specializing in Indian cuisine, and providing both pre-packaged and prepared foods to their customers.

19.     There are five stores bearing the name Suvidha International Market, which are all listed on Defendants' website: http://www.suvidhaonline.com/. The five

stores are located in: Marietta, GA, Suwanee, GA, Alpharetta, GA, Charlotte, NC, and Morrisville, NC. Each store has between 30-60 employees.

20.    Defendants own and operate the 3 of the 5 stores listed in the previous paragraph. The three stores owned and operated by Defendants are located in: Marietta, Suwanee, and Alpharetta.

21.    Plaintiff Yadira Revilla was employed by Defendants as a cook from November 15, 2014 to March 15, 2020.

22.    Plaintiff primarily worked in the Marietta location, but also worked at the Alpharetta and Suwanee stores on occasion when requested by Defendants.

23.    As a cook, Plaintiff's job duties included: preparing side items, cooking food, cleaning the kitchen, and washing dishes.

24.    Plaintiff was paid $10 per hour.

25.    Plaintiff typically worked 12 hours each day, six days a week, from 9 a.m. to 9 p.m. However, on many occasions, such as when she received catering orders, Plaintiff was required to arrive early and begin work at 7 a.m., to get the catering orders ready for customers.

26.    On average, Plaintiff worked 75 hours each week, but on occasion worked as

many as 85 hours in a single week.

27.    Throughout Plaintiff's employment, Defendants maintained a time clock. Plaintiff was required to clock-in when arriving at work, and clock-out when leaving work.

28.    From the start of Plaintiff's employment in 2014 to December 31, 2018, Plaintiff was straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

29.    Defendants were required by law to pay Plaintiff time-and-a-half her regular wages for all hours in excess of 40 hours, but purposely chose to not to pay her overtime wages.

30.    This failure to pay overtime premium wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.    Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her First Cause of Action as a collective action under the FLSA, on behalf of herself and the following collective:

All persons employed by Defendants, at any time from June 28, 2017

7

to December 31, 2018 (the "Collective Action Period"), who worked as cooks, cashiers, stock workers, janitors, and all other hourly workers who were not paid overtime wages (the "Collective Action Members").

32.    A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

33.    The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

34.    Plaintiff, on behalf of herself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

35.    As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-

half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

36.    Defendants failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37.    The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated damages as a result of Defendants' willful failure to pay

overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 15, 2020

Respectfully submitted,

<u>**s/ Brandon A. Thomas**</u>
 **BRANDON A. THOMAS**
 **GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com