### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| YADIRA REVILLA, Individually and on Behalf of All Those Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>ATLANTA IMPORTS, INC. d/b/a SUVIDHA INDO-PAK GROCERIES and MANNY SALUJA, Jointly and Severally<br><br>            Defendants. | Case No.<br>1:20-cv-03825-WMR |

## MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES

Comes now, Plaintiff, by and through undersigned counsel, Brandon A. Thomas, pursuant to Fed. R. Civ. P. 12(f)(2). Plaintiff moves this Court to strike either Defendants' Answer (Doc. 23) or Defendants' Answer (Doc. 24), as they are identical and duplicative filings. Additionally, Plaintiff requests that this Court strike several of Defendants' affirmative defenses, as they are either bare assertions without sufficient factual basis or not permissible defenses in a case involving the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. ("FLSA"). In support of this motion, Plaintiff shows the following:

1

## I.   PLAINTIFF MOVES TO STRIKE DEFENDANTS' ANSWER (Doc. 23), OR ALTERNATIVELY STRIKE DEFENDANT'S ANSWER (Doc. 24), AS THEY ARE IDENTICAL AND DUPLICATIVE PLEADINGS

Defendants' Answer (Doc. 23) and Defendants' Answer (Doc. 24) are identical and duplicative. Both pleadings purport to be an Answer to Plaintiffs' Amended Complaint (Doc. 13), on behalf of both Atlanta Imports, Inc. and Manny Saluja. Both pleadings refer to "Defendants" in the plural tense, indicating that they are being filed on behalf of both defendants, and are not answers being filed separately for each defendant.[1] Both Answers are 24 pages long with identical text, and have an identical 29 affirmative defenses.

A Court may strike a pleading for being redundant. <u>See</u> Fed. R. Civ. P. 12(f). A Court should strike duplicative and identical pleadings on its docket to avoid confusion. <u>See</u> <u>Wilson v. Suarez</u>, Case No. 17-cv-20718, WL 9458287, 6 (S.D. Fla. 2018) (disapproving of plaintiff's duplicate filings and stating, *inter alia*, "DE#46:1 is an exact duplicate of DE#44:6"). Therefore, Plaintiff would respectfully request that this Court strike Defendant's Answer (Doc. 23), or

---

[1] A closer review of the ECF docket indicates that the first Answer (Doc. 23) was filed on behalf of Atlanta Imports, Inc., and the second Answer (Doc. 24) was filed on behalf of Manny Saluja.

alternatively, strike Defendants' Answer (Doc. 24), as both filings are identical and purport to respond the Plaintiff's Amended Complaint (Doc. 13) on behalf of both Defendants.

## II. PLAINTIFF MOVES THIS COURT TO STRIKE SPECIFIC AFFIRMATIVE DEFENSES IN DEFENDANTS' ANSWER (Doc. 23 and 24), AS THE DEFENSES LACK SUFFICIENT FACTUAL BASIS, OR ARE IMPERMISSIBLE LEGAL DEFENSES

Affirmative defenses must comply with the general pleading requirements of Fed. R. Civ. P. 8(a), which only requires a short and plain statement. Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005). However, affirmative defenses must provide "fair notice" of the defense and "the grounds upon which its rests." Id. (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A Court may strike insufficient defenses, or any redundant, immaterial or impertinent matter raised in an answer. See Fed. R. Civ. P. 12(f). An answer should be simple, concise, and direct. See Fed. R. Civ. P. 8(d); Fed. R. Civ. P. 7(a)(2). "[A] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." Morrison v. Executive

Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) (citations omitted). Furthermore, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1191 (S.D. Fla. 2019) (citations omitted).

Defendants' Answer has a total of 29 affirmative defenses. Defendants' Answer appears to be a shotgun pleading, in that it lists a large number of affirmative defenses that are conclusory, which do not refer to any particular facts or allegations stated in Plaintiff's Amended Complaint (Doc. 13).

Plaintiff moves this Court to strike specific affirmative defenses in Defendant's Answer, as follows:[2]

Defendants' Sixth Affirmative Defense states that Plaintiff's Complaint may be barred to the extent it is unreasonable, duplicative, or otherwise inappropriate. (Answer at 2). However, Defendants have wholly failed to state any factual basis

---

[2] Plaintiff anticipates the Court will strike one of Defendant's Answers (Doc. 23 or 24), but Plaintiff is unsure as to which one the Court will strike. Given that the two filings are identical, the specific objections Plaintiff is raising in this section should be taken to apply to the answer in both Doc. 23 and Doc. 24, interchangeably. For example, this filing will refer to "Defendants' Answer" or "the Answer," but that should be taken to mean both Doc. 23 and 24.

for this affirmative defense, or even state which particular paragraphs of Plaintiff's Amended Complaint that they are referring to, so therefore this affirmative defense should be struck for vagueness. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1321 (S.D. Fla. 2005) ("Defendants have wholly failed to set up any factual basis for this defense, and therefore have fallen "woefully short" of the liberal pleading requirements of Rule 8"); Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1193-97 (S.D. Fla. 2019) (disapproving of several affirmative defenses, finding that they failed to provide fair notice of the nature and grounds of the defense).

Additionally, the Sixth Affirmative Defense should be struck because it states two separate defenses in a single affirmative defense. Defendants' Sixth Affirmative Defense states that Plaintiff is not entitled to damages, while also stating that Plaintiff's claim is barred due to being unreasonable, duplicative, or otherwise inappropriate. (Answer at 2). When two separate defenses are pled under a single affirmative defense heading, the proper course is for the court to strike the affirmative defense. See Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1193 (S.D. Fla. 2019).

Defendants' Seventh Affirmative Defense states that Plaintiff's Amended Complaint may be barred because Plaintiff failed to mitigate her damages. (Answer at 3). However, this affirmative defense should be struck because the duty to mitigate damages is not a valid defense in an FLSA action. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1319 (S.D. Fla. 2005); Gonzalez v. Spears Holdings, Inc., Case No. 09-60501, WL 2391233, 3 (S.D. Fla. July 31, 2009). Therefore, Defendants' Seventh Affirmative Defenses should be struck.

Defendants' Ninth Affirmative Defense states that Plaintiff's Amended Complaint may be barred because of equitable estoppel. (Answer at 3). However, estoppel is generally not a valid defense to an FLSA action. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1320 (S.D. Fla. 2005); Gonzalez v. Spears Holdings, Inc., Case No. 09-60501, WL 2391233, 3-4 (S.D. Fla. July 31, 2009). There is a narrow exception which would allow Defendants to claim estoppel, if the plaintiff mislead the employer about his hours worked, and the employer had no knowledge of the true hours worked. Id. However, Defendants have failed to plead any such facts which would avail them of this narrow

6

exception. Therefore, Defendants' Ninth Affirmative Defense should be struck.

Defendants' Tenth Affirmative Defense states that Plaintiff's Amended Complaint may be barred due to unclean hands. (Answer at 3). However, unclean hands is not a valid defense to an FLSA action, unless the defendant alleges specific facts indicating the bad acts that the plaintiff has committed. See Piper v. Panther Towing, Inc., Case No. 9:17-cv-80238, WL 4181342, 3 (S.D. Fla. Sept. 21, 2017) ("Defendants allege that Plaintiff has unclean hands" was rejected by the court as insufficiently pled as an affirmative defense under general pleading standards); Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1196 (S.D. Fla. 2019). Therefore, Defendants' Tenth Affirmative Defense should be struck.

Defendants' Eleventh Affirmative Defense states that Plaintiff's Amended Complaint may be barred due to waiver. (Answer at 3). However, Employees cannot contract around the FLSA or otherwise waive their right to receive overtime wages under the Act. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 705-706 (1945); Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). Additionally, "The purposes of the Act require it to be applied

even to those who would decline its protections." <u>Clincy v. Galardi South Enters.</u>, 808 F.Supp.2d 1326, 1349 (N.D. Ga. 2011). As a result, waiver is not a valid defense in an FLSA action. <u>See</u> <u>Morrison v. Executive Aircraft Refinishing, Inc.</u>, 434 F.Supp.2d 1314, 1319 (S.D. Fla. 2005); <u>Dionisio v. Ultimate Images and Designs, Inc.</u>, 391 F.Supp.3d 1187, 1195 (S.D. Fla. 2019). Therefore, Defendant's Eleventh Affirmative Defense should be struck.

Similarly, in Defendants' Twelfth Affirmative Defense, it states that Plaintiff's Amended Complaint may be barred due to laches. (Answer at 4). However, laches is not a valid defense in an FLSA action. <u>See</u> <u>Morrison v. Executive Aircraft Refinishing, Inc.</u>, 434 F.Supp.2d 1314, 1319 (S.D. Fla. 2005); <u>Dionisio v. Ultimate Images and Designs, Inc.</u>, 391 F.Supp.3d 1187, 1195 (S.D. Fla. 2019). Therefore, Defendants' Twelfth Affirmative Defense should be struck.

Defendants' Thirteenth Affirmative Defense states that Plaintiff's Amended Complaint may be barred due to accord and satisfaction. (Answer at 4). However, accord and satisfaction is only cognizable as an affirmative defense in FLSA actions brought by federal employees represented by labor unions under the Civil Service Reform Act, 5 U.S.C. Section 7121(a)(2)(c)(iii). <u>See</u> <u>Morrison v. Executive</u>

Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1320 (S.D. Fla. 2005) (citing

O'Conner v. U.S., 60 Fed.Cl. 164, 167 (2002)). Therefore, Defendants' Thirteenth

Affirmative Defense should be struck.

Defendants' Fourteenth Affirmative Defense states that Plaintiff's Amended

Complaint may be barred due to justification. (Answer at 4). However, this

affirmative defense wholly fails to allege any facts to support this defense, and

therefore is impermissibly vague, even under the general pleading standards of

Rule 8. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314,

1321 (S.D. Fla. 2005); Dionisio v. Ultimate Images and Designs, Inc., 391

F.Supp.3d 1187, 1193-97 (S.D. Fla. 2019).  Therefore, Defendants' Fourteenth

Affirmative Defense should be struck.

Defendants' Fifteenth Affirmative Defense states that Plaintiff's Amended

Complaint may be dismissed due to the doctrine of release. (Answer at 4).

However, as was the problem with Defendants' Eleventh Affirmative Defense,

employees cannot contract around the FLSA or otherwise grant a release to an

employer for their right to receive overtime wages. See Brooklyn Savings Bank v.

O'Neil, 324 U.S. 697, 705-706 (1945); Lynn's Food Stores, Inc. v. U.S. Dept. of

Labor, 679 F.2d 1350, 1352 (11th Cir. 1982); Clincy v. Galardi South Enters., 808

F.Supp.2d 1326, 1349 (N.D. Ga. 2011); Morrison v. Executive Aircraft

Refinishing, Inc., 434 F.Supp.2d 1314, 1319 (S.D. Fla. 2005); Dionisio v. Ultimate

Images and Designs, Inc., 391 F.Supp.3d 1187, 1195 (S.D. Fla. 2019).

Additionally, only an agreement supervised by the Department of Labor, or

approved by the Court, can constitute a valid release of FLSA rights and

obligations. See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F.2d 1350,

1352 (11th Cir. 1982). Therefore, Defendants' Fifteenth Affirmative Defense

should be struck.

Defendants' Sixteenth Affirmative Defense states that Plaintiff's Amended

Complaint may be barred by fraud. (Answer at 4). However, this affirmative

defense completely fails to allege and refer to any facts that would support this

claim of fraud, and therefore is impermissibly vague, by the general pleading

standards of Rule 8. See Morrison v. Executive Aircraft Refinishing, Inc., 434

F.Supp.2d 1314, 1319 (S.D. Fla. 2005); Dionisio v. Ultimate Images and Designs,

Inc., 391 F.Supp.3d 1187, 1195 (S.D. Fla. 2019) (disapproving of several

affirmative defenses, finding that they failed to provide fair notice of the nature and

grounds of the defense). Additionally, under Fed. R. Civ. P. 9(b), there is a

heightened pleading standard for fraud, which must be pleaded with particularity.

See Fed. R. Civ. P. 9(b); Dunphy v. Advanced Physician Billing, Inc., Case No. 06-

60685-CIV, WL 8432487 (S.D. Fla. Sept. 7, 2006) (striking affirmative defenses

alleging fraud because they did not meet the heightened pleading standards of Rule

9(b)). Therefore, Defendants' Sixteenth Affirmative Defense should be struck, for

failure to plead sufficient facts to support their fraud defense.

    Defendants' Seventeenth Affirmative Defense states that Plaintiff's

Amended Complaint may be barred due to illegality. (Answer at 4). However, this

assertion alone is too vague to constitute an affirmative defense, and just does not

plead sufficient facts so Plaintiff can be aware of the basis for the defense. See

Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1191 (S.D.

Fla. 2019). Additionally, as with Defendants' Sixteenth Affirmative Defense, to the

extent this "illegality" involves fraud, Defendants are subject to the heightened

pleading standards of Rule 9(b), making this affirmative defense even more

insufficient. See Fed. R. Civ. P. 9(b); Dunphy v. Advanced Physician Billing, Inc.,

Case No. 06-60685-CIV, WL 8432487 (S.D. Fla. Sept. 7, 2006). Therefore,

Defendants' Seventeenth Affirmative defense should be struck.

Defendants' Eighteenth Affirmative Defense states that Plaintiff's Amended Complaint may be barred due to the doctrine of payment. (Answer at 5). However, this is too vague to be considered an affirmative defense, as it does not refer to any facts stated in the complaint, legal statutes, or authority as a basis for the defense. See Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1191 (S.D. Fla. 2019).

Defendants' Nineteenth Affirmative Defense states that Plaintiff's Amended Complaint may be barred due to the doctrine of consent. (Answer at 5).  However, employees cannot contract around the FLSA or otherwise make an agreement consenting to not be paid overtime wages. See Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 705-706 (1945); Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982); Clincy v. Galardi South Enters., 808 F.Supp.2d 1326, 1349 (N.D. Ga. 2011). Therefore, Defendants' Nineteenth Affirmative Defense should be struck.

Defendants' Twentieth Affirmative Defense states that Plaintiff's Amended Complaint may be barred by novation. (Answer at 5). However, this affirmative

12

defense completely fails to plead any facts to support this defense, or explain how "novation" would affect Plaintiff's claim. Therefore, Defendant's Twentieth Affirmative Defense should be struck due to being impermissibly vague under the standards of Rule 8. See Fed. R. Civ. P. 8; Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1191 (S.D. Fla. 2019).

Defendants' Twenty-First Affirmative Defense states that Plaintiff's Amended Complaint may be barred due to unjust enrichment. (Answer at 5). However, this affirmative defense is impermissibly vague under Rule 8, as it does not plead facts to put Plaintiff on notice of the defense. See Piper v. Panther Towing, Inc., Case No. 9:17-cv-80238, WL 4181342, 3 (S.D. Fla. Sept. 21, 2017) ("Defendants allege that Plaintiff would be unjustly enriched if he were to recover any monies in the subject action" was insufficiently as an affirmative defense, even under general pleading standards).

Defendants' Twenty-Second Affirmative Defense states that Plaintiff's Amended Complaint may be barred because all actions taken by Defendants were for legitimate business reasons. (Answer at 5). However, this affirmative defense is impermissibly vague as it is completely unclear what actions Defendants are

13

referring to, and what the legitimate business reasons were. See Fed. R. Civ. P. 8; Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1191 (S.D. Fla. 2019). Furthermore, Defendants fail to demonstrate how having legitimate business reasons for not paying Plaintiff overtime wages is even a defense under the FLSA. Id. Lastly, to the extent Defendants are claiming they had a "legitimate non-discriminatory reason" for their actions, that would perhaps be a defense in a retaliation case under the FLSA, or a discrimination case under Title VII of the Civil Rights Act, 42 U.S.C. Section 2000e et seq., but not in the instant case which only alleges failure to pay overtime wages. See Generally, White v. Dixie, 741 Fed.Appx. 649 (11th Cir. 2018).

Defendants' Twenty-Third Affirmative Defense states that Plaintiff's Amended Complaint may be barred because "Defendants' actions were in good faith conformity with and/or reliance on interpretation, or practice of the Department of Labor." (Answer at 6). However, this affirmative defense completely fails to state what actions Defendants took that were in good faith, reliance, interpretation, or practice from the Department of Labor that provides a defense for them in this case. Therefore, this affirmative defense is impermissibly

vague under the general pleading standards of Rule 8. <u>See</u> Fed. R. Civ. P. 8; <u>Perales v. Schear Corp.</u>, Case No. 2:09-cv-669-FTM-29DNF, WL 1839295, 2 (M.D. Fla. May 10, 2010) (striking defendant's affirmative defense that liquidated damages should be barred or reduced because defendant acted in good faith, because there was no factual basis).

Defendants' Twenty-Fifth Affirmative Defense states, "Defendants invoke all defenses, protections and limitations" of the FLSA. (Answer at 6). This is merely an assertion defendants are making and does not constitute an actual affirmative defense. <u>See</u> <u>Dionisio v. Ultimate Images and Designs, Inc.</u>, 391 F.Supp.3d 1187, 1197 (S.D. Fla. 2019) (Defendants stating that they reserved the right to add additional affirmative defenses was not an affirmative defense). It is also impermissibly vague under Rule 8, and does not refer to any particular facts cited in Plaintiffs' Amended Complaint, and does not refer to any specific legal statutes or cognizable defenses. <u>Id</u>. at 1191. Therefore, Defendants' Affirmative Twenty-Fifth Affirmative Defense should be struck.

Lastly, Defendants' Twenty-Ninth Affirmative Defense states "Defendants reserve the right to assert further Affirmative Defenses as they become evidence

through discover investigation." (Answer at 7). However, reserving right to further assert affirmative defenses is not, in itself, an affirmative defense. See Dionisio v. Ultimate Images and Designs, Inc., 391 F.Supp.3d 1187, 1197 (S.D. Fla. 2019) (Defendants stating they reserved the right to add additional affirmative defenses was not an affirmative defense). Thus, this affirmative defense should be struck.

Dated: December 17, 2020

Respectfully submitted,

**s/ Brandon A. Thomas**
 **BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 330-2909
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com

16